[Civ. No. 17861.   Second Dist., Div. One.   Apr. 25, 1951.]

MARTIN NISHKIAN et al., Respondents, v. THE CITY OF LONG BEACH et al., Appellants.

750

Irving M. Smith, City Attorney, and Atlee S. Arnold, Deputy City Attorney, for Appellants.

Lane & Lane for Respondents.

DRAPEAU, J.—Martin Nishkian owned real property in the city of Long Beach. He desired to move a former army barracks from Costa Mesa and put it upon his Long Beach lots.

A city ordinance of the city of Long Beach provides that one desiring to move structures along the streets of the city must apply for a permit to do so; that the city building inspector must then post notices on the property to which it is proposed to move the house or building; and that persons owning property within a radius of 300 feet of the proposed new location may protest to the city council; whereupon the city council must hold a hearing and decide whether or not to grant the permit.

Mr. Nishkian and the city building inspector proceeded in conformity with the ordinance; protests were filed; and after a hearing, the city council denied the application.

Mr. Nishkian then petitioned the superior court for a writ of mandate, commanding the city council to grant the permit. The written protests received by the city council and the minutes of the hearing are set forth in the petition for writ of mandate. Upon stipulation the ordinance was received in evidence.

The superior court granted the peremptory writ. From this judgment the city appeals.

The ordinance provides that the permit shall be denied if the city council finds that it will result in a violation of any city or county or state law, or greatly inconvenience any considerable number of persons, or will violate or disturb the public welfare, safety, or peace.

The city contends that the city council properly found that moving the house would disturb the public welfare, in that it would have adversely affected the area where it was proposed to locate the barracks.

Mr. Nishkian contends that the action of the city council in denying his application was arbitrary, capricious, and an abuse of discretion, in that there was no substantial evidence produced at the hearing to warrant denial of the permit.

The city of Long Beach is a chartered city. (Stats. 1921.) Its city council is a local administrative agency, clothed by the city charter with discretionary power to grant or to deny applications to move buildings over its city streets, and to place such buildings upon property within the city. (*Greif* v. *Dullea,* 66 Cal.App.2d 986 [153 P.2d 581] ; also see 2 Stanford L.Rev. 291.)

█ It is the general rule that courts will not compel public administrative agencies to act in a particular manner. (*Lindell Co.* v. *Board of Permit Appeals,* 23 Cal.2d 303 [144 P. 2d 4].)

█ A reviewing court is not to judge the intrinsic value of evidence considered by an administrative agency, nor to weigh it, if the record discloses substantial evidence to support the decision. The inquiry is to be devoted only to the question whether the record shows an abuse of discretion. (*Cantrell* v. *Board of Supervisors,* 87 Cal.App.2d 471 [197 P.2d 218].)

█ If reasonable minds may well be divided as to the wisdom of an administrative board's action, a court will not substitute its judgment for that of the administrative body. (*Rible* v. *Hughes,* 24 Cal.2d 437 [150 P.2d 455, 154 A.L.R. 137].)

█ Whether the decision be by a statewide public board or public officer, or by a local board or tribunal, the scope of judicial review is limited to determine whether there has been an abuse of discretion, and the courts have no power to try the issues de novo. (*McDonough* v. *Garrison,* 68 Cal.App.2d 318 [156 P.2d 983].) █ The rule that statewide administrative boards and officers are vested with a high discretion in working out their problems, and that an abuse of discretion

must appear very clearly before the courts will interfere (*Nelson* v. *Dean,* 27 Cal.2d 873 [168 P.2d 16, 168 A.L.R. 467]) is applicable to local administrative boards.

The case comes down then to a consideration of the controlling question: Was there substantial evidence to support the action of the city council?

A number of citizens and owners of property adjacent to the Nishkian lots presented written protests, and appeared before the city council. The minutes of the proceedings before the council are far from satisfactory. All that the minutes show is that some of the protestants made speeches before the council; that other persons made speeches for Mr. Nishkian; and that photographs of the building proposed to be moved and of the locality involved were presented to the council.

In proceedings of this kind, quasi judicial in nature, witnesses should be sworn and examined, and a record made, upon which reviewing courts may be enabled to determine whether substantial evidence was or was not considered by the quasi judicial body. The proceedings should be conducted in a quasi judicial manner at least.

In *Walker* v. *City of San Gabriel,* 20 Cal.2d 879 [129 P.2d 349, 142 A.L.R. 1383], a business license was revoked. There was no evidence before the city council except a letter from the chief of police enumerating certain charges against the licensee. This was held by our Supreme Court to be hearsay, and insufficient to sustain the action of the council.

The following excerpts from the minutes of the Long Beach city council illustrate the unsatisfactory condition of the record now under consideration:

"Approximately 15 people were present to protest.

"Mr. Jewell, 1956 Harbor, addressed the City Council, protesting, stating that the west side has been getting some bad deals on old houses being moved in and not being improved; that this building does not meet with the approval of the Building Department.

"Mrs. R. H. Craig, 1918 Caspian, addressed the City Council, protesting, stating that several building(s) have been moved in and have been rented to people with large families; that it is a small area and they feel there are too many families to the neighborhood.

"Mrs. Verne Muehlstedt addressed the City Council, protesting, stating that a lot of the owners of old buildings which were moved in stated they would improve them and did not

do so; that it would cost a great deal of money to improve this building as Mr. Nishkian states he plans to do. . . .

"Mr. C. T. Putnam addressed the City Council, stating that he lives directly across from this proposed location; that there is considerable vacant property around there and if one old barracks building is moved in, they will have more come in. . . .

"Mrs. Verne Muehlstedt addressed the City Council, again protesting the granting of the permit, stating that Mr. Nishkian stated that he does not plan to do anything to the inside of the building; that the inside is just like cardboard and it is nothing but a fire trap; that they do not want any fire traps built around their neighborhood."

Such substantial evidence as may be included within the minutes may be stated as follows: That if one old barracks building is moved into the area more will come in, and that the inside of the barracks proposed to be moved "is just like cardboard" and "is nothing but a fire trap."

Applying the rules set forth in this opinion, this court is of the opinion, that attenuated and unsatisfactory as the record may be, the evidence is sufficient to support a finding that moving this old barracks into the neighborhood would violate and disturb the public welfare of the city of Long Beach.

The judgment is reversed.

White, P. J., concurred.

Doran, J., dissented.