[Civ. No. 20368.  Second Dist., Div. One.  Jan. 25, 1955.]

JACK W. WOOD et al., Respondents, v. CITY PLANNING COMMISSION OF THE CITY OF SAN BUENAVENTURA et al., Appellants.

Richard C. Heaton for Appellants.

Ned S. Porter, Robert J. Lagomarsino and James C. Hollingsworth for Respondents.

WHITE, P. J.—This is an appeal by the City Planning Commission of the City of San Buenaventura and its several individual members; the city of San Buenaventura, a municipal corporation, and the several individual members of the council of said city, from an order and judgment directing the issuance of a peremptory writ of mandate commanding the establishment of an oil drilling district pursuant to the provisions of sections 8151 to 8151.6, inclusive, of the San Buenaventura Ordinance Code. The appeal comes to us upon a record consisting solely and alone of the clerk's transcript on appeal.

In the proceedings had before the superior court, respondents on this appeal were designated "Petitioners." In the proceedings before the city planning commission, some of the respondents herein were designated "Applicant." In the interest of clarity the foregoing parties will here be referred to as "Plaintiffs" unless more particularly identified.

In the trial court appellants herein were designated "Respondents." Here we shall refer to them as "Defendants" unless more particularly identified.

The zoning regulations of the city of San Buenaventura (division 8, section 8100 of the city ordinance code) contain the provisions usually found in comprehensive zoning codes for the establishment of zones; the specification of permitted uses in such zones, including the most restricted or "R-1" zone, and the prohibition in each such zone of all uses not expressly permitted therein.

The provisions of the zoning regulations also set forth in section 8162, the conditions and procedure under and by which the regulations, zone boundaries, and classifications of property may be amended, supplemented or changed.

Sections 8151-8151.6 inclusive, provide for the establishment of special oil drilling districts upon the compliance by applicants with specified requirements enumerated therein.

Section 8151.4 provides conditions which applicants are subject to in drilling for and production of oil wells. Section 8151.5 enumerates many conditions which the council may impose in connection with drilling and production of oil district wells.

Section 8151.3 prescribes the requirements and procedure for formation of an oil drilling district.

The drilling for and production of oil are among the uses of land not permitted in an "R-1" zone.

On November 13, 1952, one of the plaintiffs, Jack W. Wood, as agent for another of the plaintiffs, Fred W. Moser, filed with the city planning commission an application requesting the establishment of an oil drilling district as contemplated by said section 8150 (§§ 8151-8151.6) of the San Buenaventura Ordinance Code, in, upon, and comprising certain real property in the city of San Buenaventura lying wholly within a long-established R-1 zone.

The planning commission, all in accordance with the procedure provided in section 8162 of the code, duly and regularly set said application for hearing before the commission on December 1, 1952.

Following the conclusion of the hearings the planning commission adopted a resolution in which the following findings were made:

"That Fred W. Moser is the owner of the proprietary or contractual authority to drill for and produce oil, gas or other hydrocarbon substances under the surface of at least 51% of the property to be included in said proposed oil drilling district, as hereinabove described; that said proposed district is in excess of 40 acres in area and it is compact in area, contiguous and the boundaries thereof follow natural boundary lines and property lines; that all of said property lies within an R-1 Zone; and

"That applicant proposes to establish one or more controlled drilling sites for the directional drilling of oil and gas wells for the exploration of said property for oil and gas, the first of said proposed oil drilling sites to be located in the Charles Cole Canyon in Blocks 55, 67 and 78 of the Addition to the Town of San Buenaventura; that all of said drilling operations will be carried on by the applicant in compliance with the standard conditions set forth in Section 8150 of said Ordinance Code, together with such new and additional conditions as may be proposed by the Planning Commission and the Council of the City of San Buenaventura.

"That in the opinion of the Planning Commission the establishment of an oil drilling district as proposed by applicant will be detrimental to the planned development of the City of San Buenaventura and contrary to good zoning practices; that in addition, the operation of an oil drilling district in

the area proposed will be detrimental to the community and to the public health, safety, comfort and general welfare of the residents of this City."

The application was thereupon denied. Following receipt of notice of the action taken by the planning commission, and on February 3, 1953, plaintiff Jack W. Wood filed his "Appeal to the Council of the City of San Buenaventura from Notice of Denial of Application by Planning Commission of the City of San Buenaventura" which appeal was by the council referred to the planning commission for written report to the council as required by section 8162.4 of the ordinance code.

On February 16, 1953, the planning commission accordingly made its report to the council, and included therein was the entire record of the proceedings had before the commission.

On February 24, 1953, the city council held a hearing on the matter at which time three persons spoke in favor of the formation of the oil drilling district and a petition signed by 346 persons in opposition to the formation of said district was presented. Following conclusion of the hearing the council adjourned until March 9, 1953, on which latter date it adopted a resolution that " . . . the decision of the City Planning Commission should be affirmed and it is hereby affirmed and said appeal denied."

Following such denial by the city council of the appeal of plaintiff Jack W. Wood from the decision of the planning commission, and the refusal of the council to grant his application for the creation of an oil drilling district, Wood and the other plaintiffs herein filed in the Superior Court of Ventura County a second amended petition for a writ of mandamus whereby they sought a writ directing and compelling the city council to create an oil drilling district under the provisions of sections 8151 to 8151.6 of the ordinance code and a writ directing the planning commission to rescind and annul its action denying the application of plaintiffs for the creation of an oil drilling district and further commanding that the commission grant plaintiffs' application for the creation of the district and so to report and recommend to the city council that said district be created.

To this second amended petition, the defendants interposed a demurrer and a motion to strike out the whole, or in the alternative, portions thereof.

The superior court overruled said demurrer, denied said motion to strike, and ordered the issuance of an alternative writ of mandate.

Thereafter the defendants filed a return and answer to said second amended petition setting forth, among other things, the full, true and correct record of all proceedings before the planning commission and the city council relating to plaintiffs' application for the establishment of an oil drilling district.

The matter came on regularly for hearing, all parties being represented by counsel. Counsel for defendants made a motion for judgment on the pleadings; counsel for plaintiff made a similar motion. The court denied both motions. After hearing and argument, the court ordered the peremptory writ of mandate to issue and from that order and judgment defendants prosecute this appeal.

■ We are impressed that the main, if not determinative issue involved in this appeal is whether or not the city council and city planning commission were clothed with discretion under section 8150 (§§ 8151-8151.6) of the ordinance code to grant or deny the formation of an oil drilling district once the applicant therefor has complied with all of the provisions of section 8151.3 of the ordinance. In effect, plaintiffs concede this when in their brief they say: "Plaintiffs have complied with all of the provisions of Section 8151.3 of the Ordinance Code, to wit: That they are the owners of the proprietary or contractual authority to drill for and produce oil, gas, or other hydrocarbon substances under the surface of at least 51% of the property to be included in said proposed Oil Drilling District; that said proposed District is in excess of 40 acres in area and it is compact in area, contiguous and the boundaries thereof follow natural boundary lines and property lines. Defendant Planning Commission admitted this compliance in the findings of fact in its Resolution No. 548. *By reason of this compliance with the procedural provisions of the Ordinance, it became mandatory upon the defendants to create the Oil Drilling District.*" (Emphasis added.)

With this contention of plaintiffs we cannot agree. Section 8151 provides as follows:

"Oil Drilling Districts, Objects and Purposes. It is hereby declared to be the object and purpose of this Section to establish reasonable and uniform limitations, safeguards and controls for the future drilling for and production of oil in the City. Limitations, safeguards and controls are deemed necessary in the public interest to effect practices which will not only provide for a more economic recovery of oil, gas

and other hydrocarbon substances, but which will also take into consideration the surface uses, of land, as such uses are indicated by the value and character of the existing improvements in or near districts where oil drilling or production are hereinafter permitted, the desirability of the area for residential or other uses, or any other factor relating to the public health, comfort, safety and general welfare. It is contemplated that areas within the city may be explored for oil by directional drilling methods by which surface drilling and production operations are limited to a few small controlled drilling sites so located and spaced as to cause the least detriment to the community and to the public health, safety, comfort, and general welfare.''

With reference to the establishment of such districts and the procedure therefor, section 8151.3 reads:

''Establishment of Districts. The procedure for the establishment of Oil Drilling Districts shall be the same as that provided in Section 8162. (Changes and Amendments.) Each application for the establishment of an Oil Drilling District shall contain a statement that the applicant has the proprietary or contractual authority to drill for and produce, oil, gas or other hydrocarbon substances under the surface if at least fifty-one percent (51%) of the property be included in said District. The District described in said application shall be not less than forty (40) acres in area, including all streets, ways and alleys within the boundaries thereof, and shall be substantially compact in area and the boundaries thereof shall follow public streets, ways or alleys so far as may be practicable. Provided, however, that land located outside the boundaries in said City and contiguous with the proposed Oil Drilling District within the City may be included for the purpose of calculating said forty (40) acre area.''

Turning now to section 8162 as directed in the section just cited, we find a complete formula for initiating proceedings for the formation of an oil drilling district, including the contents of the application, notice of the time, place and purpose of the hearing on said application, methods of giving such notice and to whom it shall be given. Sections 8162.3 and 8162.4 outline the duties of the planning commission and provide for an appeal to the city council from an adverse ruling by the commission. It was under this section that plaintiffs herein admittedly proceeded when they sought the formation of an oil drilling district and the provisions of the

section were followed by both the planning commission and the city council.

Had the framers of the municipal ordinance code intended, as claimed by plaintiffs, that upon compliance with the procedural provisions contained in section 8151.3 it was mandatory upon the council to form the oil drilling district, then why should the section just mentioned provide that the provisions contained in section 8162 must be followed before the council was authorized to permit drilling for oil in a zone in which such activity was prohibited? The answer is obvious.

We therefore conclude that the planning commission and city council were invested with discretion to grant or deny an application to form an oil drilling district. That the purpose underlying section 8150 and its subdivisions is to repose in the planning commission and city council a discretion to determine *first,* whether or not an oil drilling district shall be established in a given area at all and, *second,* if so, what conditions and restrictions shall be imposed under the peculiar circumstances of each case to insure the maximum protection of the several conflicting private interests and the minimum detriment to the community and to the public health, safety, comfort, and general welfare.

This brings us to a consideration of the scope of judicial review of the acts of local administrative agencies. ▌ The weight of authority supports the pronouncement that in reviewing the acts of local administrative boards, the courts are limited to determining whether there has been an abuse of discretion, and the court is without power to try the issues de novo or to compel such boards to act in a particular manner. ▌ The writ of mandate cannot be used for the purpose of determining whether or not, in the opinion of the reviewing tribunal, the evidence was sufficient to support the decision complained of, provided the inferior tribunal or board had jurisdiction and the record discloses substantial evidence to support the decision. ▌ The court is not authorized to judge the intrinsic value of evidence considered by an administrative agency, nor to weigh it, if the record discloses substantial evidentiary support for the decision.

▌ It is also the rule that administrative boards and officers are vested with a high degree of discretion in working out the problems confronting them, and an abuse of that discretion must be clear and manifest before the courts will interfere (*Nishkian* v. *City of Long Beach,* 103 Cal.

App.2d 749, 751, 752 [230 P.2d 156]; *Cantrell* v. *Board of Supervisors,* 87 Cal.App.2d 471, 475 [197 P.2d 218]; *Fascination, Inc.* v. *Hoover,* 39 Cal.2d 260, 264, 266 [246 P.2d 656]). ▪ The question presented to the superior court and now before us was whether there was evidence of sufficient substantiality before the planning commission and city council to justify the finding that " . . . the establishment of an oil drilling district as proposed by applicant will be detrimental to the planned development of the City of San Buenaventura and contrary to good zoning practices; that in addition, the operation of an oil drilling district in the area proposed will be detrimental to the community and to the public health, safety, comfort and general welfare of the residents of this City," and whether the commission and council were guilty of fraud or malicious or arbitrary use of their powers. From a review of the record herein it must be held that the action of the municipal authorities was justified by substantial evidence, and that there is no showing of fraud, malice or arbitrary action either in the hearings afforded all concerned or in the decision arrived at. The trial court was therefore without power to substitute its judgment for that of the commission and city council.

Plaintiffs' contention that the municipal ordinance here in question if it contemplates an absolute prohibition of oil drilling within the city is unconstitutional because municipalities may not absolutely prohibit oil drilling but may only impose reasonable regulations upon such drilling, cannot be sustained. ▪ A city has the unquestioned right not only to regulate the business of operating oil wells within its city limits, but to prohibit their operations within delineated areas and districts, if reason appears for so doing (*Beverly Oil Co.* v. *City of Los Angeles,* 40 Cal.2d 552, 557 [254 P.2d 865], and cases therein cited; *Hadacheck* v. *Sebastian,* 239 U.S. 394 [36 S.Ct. 143, 60 L.Ed. 348]; *Chicago & A. R. Co.* v. *Tranbarger,* 238 U.S. 67, 78 [35 S.Ct. 678, 59 L.Ed. 1204]).

The case of *Trans-Oceanic Oil Corp.* v. *Santa Barbara,* 85 Cal.App.2d 776 [194 P.2d 148], relied upon by plaintiffs, does not aid them. In the cited case a permit had been issued and later revoked. The action challenged the right of the city to revoke the permit in a "proven field" in the absence of any noncompliance with the terms thereof. The court held that a permit having been issued, the power of a municipality to revoke it was limited, but the court, on page 783, recognized the rule that the right of an owner of real

property to use the same for any lawful purpose that he may see fit was subject "to such restrictions and regulations as the municipality may, in the exercise of the police power, by proper enactment, reasonably impose"; that "Confined within the proper limits of the police power such restrictions and regulations do not violate the rights of the individual."

In view of the foregoing it becomes unnecessary to discuss or decide other issues raised by defendants on this appeal.

The order and judgment from which this appeal was taken are, and each is reversed, and the cause remanded to the court below with directions to discharge the alternative writ and deny a peremptory writ.

Doran, J., and Drapeau, J., concurred.