[Civ. No. 16985.   First Dist., Div. One.   Feb. 26, 1957.]

ZALPH B. JACKSON et al., Appellants, v. CITY OF SAN MATEO et al., Respondents.

A. J. Zirpoli and C. Harold Underwood for Appellants.

Frank T. O'Neill and Frank S. McGorty for Respondents.

AGEE, J. pro tem.*—Plaintiffs appeal from a judgment denying their application to set aside and have declared void a variance granted by a city council as to certain land zoned as residential.   The sole issue is whether the city council acted upon substantial evidence in granting the variance.

The real property involved is a 7-acre parcel located on the west side of El Camino Real (State Highway Route 101) at the intersection thereof with Fifth Avenue, in the city of San Mateo.   The portion immediately adjacent to the

*Assigned by Chairman of Judicial Council.

highway, consisting of one acre, is zoned for multiple family residential units and the remaining portion is zoned for single family residential units.

The owner of the property, respondent Economy Builders, Inc., filed with the City Planning Commission of the City of San Mateo and with the City Council of the City of San Mateo an application for a variance to permit the construction of an office building thereon. The planning commission recommended a denial. The application was then heard before the city council. There were two hearings held, at the second of which the variance was granted. The lower court upheld the city council and this appeal followed.

The zoning ordinance of the city of San Mateo provides as follows: ''Variances may be granted, . . . provided that the Council, after a full investigation and public hearing, as herein specified shall have found all of the following to be true:

''a. That there are exceptional or extraordinary circumstances or conditions applicable to the property involved, or the intended use thereof which do not apply generally to the property or class of uses in the district, so that a denial of the application would result in undue property loss;

''b. That such variance would be necessary for the preservation and enjoyment of a property right of the owner of the property involved;

''c. That the granting of such variance would not be materially detrimental to the public health, safety, or welfare, or injurious to the property or improvements of other property owners, or the quiet enjoyment of such property or improvement.''

It is apparent that (a) and (b) are directed to conditions directly applicable to the particular property involved, whereas (c) has to do with the effect of a variance upon the surrounding property and the public generally. Although (c) was highly controversial at the hearings before the city planning commission and the city council, appellants concede that there is sufficient evidence in this respect to support the granting of the variance and they do not raise the point on this appeal.

The evidence as to (a) and (b) which supports the granting of a variance is as follows: the parcel is unimproved except for one house, it is adjacent to one of the main highways in this state, it is undesirable for medium priced or more expensive homes because of the availability of more attractive

locations, it is adjacent to the retail shopping district of the city of San Mateo and is the only remaining property in the immediate vicinity of a size adequate for a commercial purpose such as that proposed, the property cannot be developed under its present zoning status for economic reasons, such as high real property taxes and financing difficulties, and it would be "the highest form of economic futility" to attempt to do so.

Provisions substantially identical* to (a) and (b) in the instant case were involved in *Bradbeer* v. *England*, 104 Cal. App.2d 704 [232 P.2d 308] (hearing denied by Supreme Court). There the City Council of Inglewood granted a variance from R-1, one-family zone, to R-3, multiple-family zone, of a 20-acre tract. Consideration was given therein to the nature of the surrounding area, the suitability of the property for the proposed use, the economic unsoundness of the use permitted by R-1 zoning, and, in general, the same factors as are urged by respondents herein. The court cited the well-established rule that the decision of a city council in granting or denying a variance is final if supported by substantial evidence and upheld the variance.

Under the authority of the Bradbeer case, *supra,* and the numerous authorities cited therein, it is apparent that the granting of the variance in the instant case is supported by substantial evidence and that the action of the city council should be affirmed.

Appellants complain that the witnesses appearing before the planning commission and the city council were not sworn. There is no such requirement. The ordinance in question only requires "a full investigation and public hearing." Appellants cite *Nishkian* v. *City of Long Beach,* 103 Cal.App. 2d 749, 752 [230 P.2d 156], wherein the court stated: "In proceedings of this kind, quasi judicial in nature, witnesses should be sworn and examined, . . ." However, the court nevertheless accepted the record, despite the failure to swear the witnesses, and upheld the action of the city council based thereon. In *Wolfskill* v. *City Council of Los Angeles,* 178

---

*These provisions are quoted in the opinion as follows (pp. 705-706):
"1. That there are exceptional or extraordinary circumstances or conditions applicable to the property involved or to the intended use of the property that do not apply generally to the property or class of uses in the same vicinity or zone.
"2. That such variance is necessary for the preservation and enjoyment of a substantial property right of the applicant possessed by other property in the same vicinity and zone."

Cal. 610, 614 [174 P. 45], the Supreme Court discusses the informality of this type of proceeding and concludes that the public interest is better advanced by such informality. We conclude that appellants did not sustain any prejudice by the failure to have the witnesses sworn. Moreover, the point was not raised until this appeal. In *Estate of Wilson*, 116 Cal. App.2d 523, 526 [253 P.2d 1011], it is stated: ''An objection that evidence is incompetent because the witness has not been sworn is waived if not made when the evidence is offered or at least while the defect is capable of being remedied. [Citing authorities.]''

The judgment is affirmed.

Bray, Acting P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied March 28, 1957, and appellants' petition for a hearing by the Supreme Court was denied April 25, 1957.