[Civ. No. 23175. Second Dist., Div. Three. Feb. 2, 1959.]

THOMAS W. AMES et al., Appellants, v. CITY OF PASADENA et al., Respondents; MARCIA PURPUS, Real Party in Interest.

Robertson & Poindexter and William M. Poindexter for Appellants.

Frank L. Kostlan, City Attorney, Wendell R. Thompson, Assistant City Attorney, and David E. Golay, Deputy City Attorney, for Respondents.

Hahn & Hahn and Allyn H. Barber for Real Party in Interest.

PATROSSO, J. pro tem.*—The Board of Directors of the City of Pasadena upon appeal affirmed the action of the zoning committee in granting to the defendant Purpus a variance and exception from certain provisions of the city zoning ordinance. The variance and exception so granted permitted the defendant Purpus, in addition to a single family dwelling and garage, to construct a swimming pool 20 feet from a private roadway located at the rear of her property prior to the construction of the dwelling and garage; to erect a pool terrace building containing kitchen facilities, a pool equipment building and a 5-foot high chain-link fence on top of the existing wall located 5 feet from the property line of the private roadway and along the northwest and southwest side property lines.[1]

The appeal is from a judgment denying a writ of mandate to compel the board to annul its order and dismissing the proceeding.

Briefly stated, the second amended complaint as further amended by an amendment thereto alleges that the plaintiffs are the owners of property in the Oak Knoll area of the city of Pasadena "near" the property owned by the defendant Purpus which is located at 1344 Hillcrest Avenue and they bring the proceeding on behalf of themselves and other neighboring property owners; that the zoning committee of the city granted to the defendant Purpus a variance from the requirement of the zoning ordinance as hereinabove mentioned; that the zoning committee in granting said variance and the board in affirming the latter's action acted in excess of their jurisdiction and the same constitutes an abuse of discretion in that (1) the defendants "failed to make any finding whatsoever as required by said ordinance 'that the variance requested is not in conflict with the general purposes and intent of this code,'" and the said variance is in fact "in conflict with the general purpose and intent of said zoning ordinance"; and (2) that the findings made by the board are not supported by substantial evidence in the light of the whole record. With their amendment to the second amended complaint plaintiffs filed what they allege to be a "certified

---

[1]Under the terms of the zoning ordinance the pool terrace building is not a permitted use in an R-1 zone; a swimming pool is not permitted to be built before the dwelling; the required setback for a swimming pool is 25 feet; the location of the pool equipment building was within the prescribed front and side yard setbacks and the height of fences is limited to 3½ feet.

*Assigned by Chairman of Judicial Council.

copy of the transcript of record and proceedings before the defendant Board of City Directors'' which they state is ''a complete and full, true and correct copy of the record of said appeal except that it does not include a drawing and two large site plans presented on behalf of the defendant Purpus'' which said drawing and site plans it is further alleged ''are not material or relevant to this proceeding and that all material and relevant portions of said proceedings are filed concurrently herewith.''

Defendants city of Pasadena and its board of directors filed a return consisting of a demurrer and answer as did also the defendant Purpus. The demurrers were sustained without leave to amend, following which the judgment appealed from was entered.

The issue here is whether upon the showing thus made the plaintiffs were entitled to the relief requested.

We may at once dismiss plaintiffs' contention that the action of the zoning committee and the board of directors in granting the variance and exception is not supported by substantial evidence in the light of the whole record by reason of the fact that, while the certified copy of the record filed by the plaintiffs discloses that both the zoning committee and board received oral and documentary evidence, such evidence is not included in the record filed by the plaintiffs. Since it was incumbent upon the plaintiffs to prepare and file in the superior court a transcript of the evidence adduced upon the hearing before the committee and the board if they wished to urge the contention that the evidence was insufficient to support the board's order, failure to do so precludes an attack upon the sufficiency of the evidence upon this appeal. (*Fickeisen* v. *Civil Service Com.* (1950), 98 Cal.App.2d 419, 420-421 [220 P.2d 605].)

Plaintiffs further contend that the board of directors in affirming the action of the zoning committee failed to make findings warranting the granting of the variance and exception. The contention is without merit. Aside from the fact that the ordinance does not require the board to make findings both the board and the zoning committee made findings to the effect that all of the conditions prescribed by the ordinance as a prerequisite to the granting of the variance and exception had been met.

Section 6.02(B) of the ordinance sets forth the conditions under which a variance may be granted as to use of property

and front yard restrictions while section 6.02(C) sets forth the requirements with respect to exceptions to side yard and height of fence restrictions.

Section 6.02(B) provides that a variance may be granted by the zoning committee if, from the facts, it is found: "(1) That there are exceptional or extraordinary circumstances or conditions applicable to the property involved or to the intended use of the property that do not apply generally to the property or class of uses in the same zone so that a denial of the petition would result in undue property loss, and (2) That such variance is necessary for the preservation and enjoyment of a property right of the petitioner, and also (3) That such variance will not be detrimental to the public welfare or convenience nor injurious to the property or improvements of other owners of property."

Section 6.02(C) provides that exceptions to side yard and height of fences restrictions may be granted if the zoning committee finds from the facts: "(1) That the variance requested is not in conflict with the general purpose and intent of this code; and (2) That the variance will not be detrimental to the public welfare or convenience; and (3) That such variance is necessary for the preservation and enjoyment of a property right of the petitioner and to prevent unreasonable property loss or unnecessary hardship and will not be detrimental nor injurious to the property or improvements of other owners of property."

The order of the zoning committee reads in part as follows: "(1) That there are exceptional or extraordinary circumstances or conditions applicable to the property involved or to the intended use of the property that do not apply generally to the property or class of uses in the same zone so that a denial of the petition would result in undue property loss. (2) That such variance, as granted, is necessary for the preservation and enjoyment of a property right of the petitioner. (3) That such variance, as granted, will not be detrimental to the public welfare or convenience nor injurious to the property or improvements of other owners of property."

The resolution of the board affirming the action of the zoning committee reads in part as follows:

"WHEREAS, the Board finds that:

"1. There are exceptional or extraordinary circumstances or conditions applicable to the property involved or to the intended use of the property that do not apply generally to

the property or class of uses in the same zone so that a denial of the petition would result in undue property loss; and

"2. Such variance and exceptions are necessary for the preservation and enjoyment of a property right of the petitioner; and

"3. Such variance and exception will not be detrimental to the public welfare or convenience nor injurious to the property or improvements of other owners of property.

"Now, THEREFORE, in order to carry out the general purpose and intent of The Zoning Plan and Code of the City of Pasadena, the said decision of the Zoning Committee hereby is sustained and said appeal of Thomas W. Ames and Eileen H. Ames, being Appeal No. 41426 in the files of the City Clerk, hereby is denied."

From the foregoing it is apparent that the board made findings in strict conformity with the provisions of section 6.02 (B). Plaintiffs, however, contend that the board did not make all of the findings required by section 6.02 (C) in that the board did not find that the variance was "not in conflict with the general purpose and intent of this code" or that the variance was necessary "to prevent unreasonable property loss or unnecessary hardship."

As to the first the board in its order expressly found that "in order to carry out the general purpose and intent of The Zoning Plan and Code of the City of Pasadena, the said decision of the Zoning Committee hereby is sustained." This is tantamount to a finding that the variance granted is not in conflict with the general purpose and intent of the zoning plan and code.

As to the second objection while the board did not expressly find that the variance was necessary "to prevent unreasonable property loss or unnecessary hardship" such a finding is implicit in the one to the effect that "[s]uch variance and exception are necessary for the preservation and enjoyment of a property right." Obviously, if this is true it is equally true that to deny the variance would result in "unnecessary hardship" to the owner of the property. Moreover, the board's determination that its action in affirming the action of the zoning committee was necessary "in order to carry out the general purpose and intent of The Zoning Plan and Code of the City of Pasadena" necessarily implies a finding that all of the requirements thereof had been complied with. (See *Miller* v. *Planning Com.* (1956), 138 Cal.App.2d 598, 603 [292 P.2d 278].)

■ Plaintiffs further contend that the defendant Purpus, in her written application for a variance and exception, did not set forth sufficient facts showing that such variance and exception was "necessary for the preservation and enjoyment of a property right." Applications of this character addressed to zoning boards, however, need not conform to the nicety required of pleadings in judicial proceedings. Moreover, as said in *Miller* v. *Planning Com., supra* (p. 604), in rejecting a similar contention:

". . . The furnishing of such information *with the application* is not made a condition, either expressly or by implication, of its approval. These provisions are clearly directory and simply specify a proper time and occasion for supplying this information. . . ."

\ ■ Finally, plaintiffs contend that the findings of the board are insufficient because they are in the language of the ordinance and do not set forth the probative facts upon which they are based. We find nothing in the ordinance to suggest that the board or the zoning committee is required to do more than find the ultimate facts prescribed by the ordinance as a condition to the granting of a variance or exception.

■ It is necessary to repeat what has frequently been said that the granting or denial of a variance rests largely in the discretion of the body designated by the zoning ordinance for that purpose. Where a variance is granted it is presumed that official duty was performed in the making of the required investigation and that the existence of the necessary facts was found. ■ And the decision of the municipal body in granting or denying a variance will not be disturbed by the courts in the absence of a clear and convincing showing of an abuse of discretion. (*Jackson* v. *City of San Mateo* (1957), 148 Cal.App.2d 667 [307 P.2d 451].)

Finally, it is to be observed as pointed out in *Steiger* v. *Board of Supervisors* (1956), 143 Cal.App.2d 352, 357 [300 P.2d 210], that the granting of the variance and exception did not operate to give the defendant Purpus any right which was not theretofore vested in her. It merely removed certain restrictions imposed by the zoning ordinance in an R-1 zone. The exception does not restrict plaintiffs or those they purport to represent in the use of their property and they have no vested right in the maintenance of the restrictions.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied February 25, 1959.