BARKDULL, Judge.
Appellants brought an action seeking to-enjoin the appellee Village from issuing a building permit to the appellee, The Janis Company, alleging that a variance granted by the Village Council to The Janis Company was void and of no force and effect, it not being in compliance with the charter and ordinances of the Village.
Upon the cause coming at issue, the chancellor received extensive evidence before him and, thereafter, rendered a final decree finding “that the equities are with the defendants and that the complaint should be dismissed.”.
The only point preserved on appeal is the contention by the appellants that the application for the variance failed to comply with the requirements of the zoning ordinance of the Village. We find this contention to be without merit. An application for a building restriction variance is not the same as an initial pleading in a legal proceedings and is not construed or tested with the same degree of strictness as such would be. See: Ames v. City of *731 Pasadena, 167 Cal.App.2d 510, 334 P.2d 653. The governing body of the Village deemed the application of the appellee Janis to be sufficient to warrant the relief requested. The Village had the authority, under its charter, “to regulate and restrict; * * * heights, number of stories, * * * .and area of buildings[1] * * The variance in question was not a change in the “use classification” of the property involved, but was merely a change in the height and density limitations or building restrictions. These are the normal functions of a vari•ance; to permit a change in “building restrictions” but not a change in “use ■classification”. See Josephson v. Autrey, Fla.1957, 96 So.2d 784; Friedland v. Hollywood, Fla.App.1961, 130 So.2d 306. Counsel urges that Josephson v. Autrey, supra; Green v. City of Miami, Fla.App.1958, 107 So.2d 390; Elwyn v. City of Miami, Fla. App.1959, 113 So.2d 849 are controlling in this case. Suffice it to say that these cited opinions involved an attempted “use” change by variance, rather than relief from building restrictions. Therefore, they are not controlling in this instance. It is urged that the limitations contained in Ch. 176, Fla. Stat., are imposed upon the powers granted to the Village, pursuant to the provisions of its charter, Ch. 26036, Laws of Florida, Special Acts 1949, § 16. This contention ■is without merit when § 176.24, Fla.Stat., F.S.A. is referred to, wherein it is specifically provided that Chapter 176 shall not have the effect of “impairing, or modifying .any * * * special law granting any like or similar powers to any municipality in the State, * * * ”.
The Village had the power to adopt zoning regulations and building restrictions. It also had the power inherent in this authority to provide for variances from the strict interpretation of the latter. The application here under review was sufficient to call to the attention of the municipal authorities the building restrictions and how they adversely affected the property in question, and the reasons why such conditions made it unreasonable to require the particular property in question to be encumbered by said restrictions. Therefore, no error has been demonstrated in the ruling of the chancellor, and the action is hereby affirmed.
Affirmed.

. Ch. 26036, Laws of Florida, Special Acts 1949, § 16. “Said Village shall have and is granted the following rights and powers: (1) To regulate and restrict; A. location, heights, number of stories, size, cubic contents, construction and area of buildings and other structures (including billboards and advertising devices); B. the percentage and portion of lots and land that may be occupied or built on; C. the size of yards, courts or other open spaces; D. the density of population; E. the use of buildings, structures and land for trade, industries, residences, apartment houses and all or any other purposes; * *