[Civ. No. 7015.   Fourth Dist.   Jan. 22, 1963.]

ADREEN N. RASMUSSEN et al., Plaintiffs and Appellants, v. THE COUNTY OF ORANGE, Defendants and Respondents.

Overton, Lyman & Prince, Arthur D. Guy, Jr., and Kenneth M. Smith for Plaintiffs and Appellants.

George F. Holden, County Counsel and Adrian Kuyper, Assistant County Counsel, for Defendants and Respondents.

MONROE, J. pro tem.*—The petitioner sought a writ of mandate in this proceeding and upon a denial thereof this appeal was taken.

It appears that petitioners owned a parcel of real property in an unincorporated area of Orange County. The property is zoned under the county zoning ordinance. In 1955 petitioners sought a building permit from the county in order to construct a garage building upon their property. This permit was granted upon condition, however, that the building be set back an additional 30 feet from the previously established setback. This requirement was complied with.

Petitioners desired to establish some sort of living quarters upon the property and by reason of the additional setback there was not sufficient room to construct a building. They therefore sought a zone variance to permit them to occupy a mobile home on the rear of their property. Such a variance was granted in 1956 and additional variances for yearly periods were granted thereafter until 1960, when the variance was limited to a period of six months. In 1961 an application was presented to the Orange County Planning Commission for an additional variance.

The application for variance was heard on February 21, 1961 and was denied by the planning commission. Pursuant to the provisions of the ordinance, an appeal was taken to the board of supervisors and a hearing was had on March 22, 1961, when the application was again denied. This proceeding followed.

Attention is called to the fact that at both of the foregoing hearings the petitioners presented a volume of testimony in favor of their application and that no testimony was offered

---

*Assigned by Chairman of Judicial Council.

in contradiction thereof. Both the planning commission and the board of supervisors denied the application without any express findings. The petitioners contend that these facts present a situation where the court can and should hold that denial of the petition constituted an abuse of discretion and that the court should, by mandamus, compel the granting of the petition.

In considering the problem here presented, it must be recollected that there is not involved in this proceeding any question of the validity or reasonableness of the zoning ordinance. ■■■ The property of petitioners is subject to that ordinance and the use of that property is controlled by that ordinance unless the ordinance be found invalid in a proper proceeding or unless a variance be granted. ■■■ The learned trial judge, basing his decision upon *Rubin* v. *Board of Directors*, 16 Cal.2d 119 [104 P.2d 1041], held that the granting or refusal of a permit was a matter of grace rather than a matter of right. In the *Rubin* case the court stated at page 124:

"Unlike the 'spot zoning' obtained by amendment of the general zoning ordinance, a variance or exception sanctions a deviation from the standard under the dispensing power vested in the administrative body. [Citation.] This authority is entirely different from a licensing power under which permission may be granted to do an act or conduct a business when the applicant has complied with the requirements of the law under which the license is sought. Ordinarily, under such circumstances, the administrative body must issue a license. On the other hand, the grant of dispensation is a matter of grace, and a refusal is not the denial of a conditional statutory right; it merely leaves in operation the statute adopted by the legislative body."

Although petitioners criticize this rule and strenuously contend that it should be set aside, the rule has been repeatedly followed in California. (*Tustin Heights Assn.* v. *Board of Supervisors*, 170 Cal.App.2d 619 [339 P.2d 914]; *Phil Anthony Homes, Inc.* v. *City of Anaheim*, 175 Cal.App.2d 268 [346 P.2d 231]; *Schumm* v. *Board of Supervisors*, 140 Cal. App.2d 874 [295 P.2d 934]. In the *Anthony Homes* case, *supra*, at page 272, it was stated:

"It is held that the granting of an application for variance is a matter of grace and not a matter of right, and that therefore the granting or refusal is fully within the discretion of the council or board, and that its decision is not reviewable

by the courts unless there be illegality in the proceedings. In *Flagstad* v. *City of San Mateo*, 156 Cal.App.2d 138 [318 P.2d 825], it is held that there is no vested right involved in the granting or refusal of a zone variance, and that an order with respect thereto may not be challenged except for fraud or abuse of discretion. [Citations.]''

■ In *Snow* v. *City of Garden Grove*, 188 Cal.App.2d 496 [10 Cal.Rptr. 480], it was held that courts have no authority to interfere with the denial of an application for a zone variance except upon a clear and convincing showing of abuse of discretion.

The facts of this case present much the same questions as were before the court in *Bringle* v. *Board of Supervisors*, 54 Cal.2d 86 [4 Cal.Rptr. 493, 351 P.2d 765], in which the authorities are exhaustively reviewed.

■ Upon the denial of the zone variance there arose the presumption that the planning commission and the board of supervisors had exercised their discretion and that no further zone variance should be granted even though variances had been granted in the past. ■ As was stated in *Flagstad* v. *City of San Mateo*, 156 Cal.App.2d 138, 140 [318 P.2d 825], ''No vested right is affected by either the denial (citation) or the grant (citation) of a zoning variance.''

■ The court observed in *Livingston Rock etc. Co.* v. *County of Los Angeles*, 43 Cal.2d 121 [272 P.2d 4], at page 127, ''The mere fact that some hardship may thereby be experienced is not controlling, for 'every exercise of the police power is apt to affect adversely the property interest of somebody.' ''

In the face of these decisions we are forced to the conclusion that there is no such showing involved in this case as justifies this court in interfering with the right of the Orange County authorities to grant or deny the zone variance. It is not for this court to weigh the evidence nor to arrive at a conclusion that upon the evidence introduced the variance ought to be granted. The record fails to show fraud or illegality or any clear or convincing proof of abuse of discretion. The writ should therefore be denied.

■ It would seem that under the established law and procedure with reference to zone variances, upon the denial of such application the remedy of the petitioner, if any, is to test the validity of the ordinance in an appropriate proceeding. (*Metcalf* v. *County of Los Angeles*, 24 Cal.2d 267 [148

P.2d 645]; *Phil Anthony Homes, Inc.* v. *City of Anaheim, supra.*)

The order denying the writ of mandamus is affirmed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied February 20, 1963.