**UNITED STATES of America, Appellant,**

v.

**EDEN MEMORIAL PARK ASSOCIATION, Appellee and Cross-Appellant.**

No. 19278.

United States Court of Appeals Ninth Circuit.

Sept. 22, 1965.

J. Edward Williams, Acting Asst. Atty. Gen., Roger P. Marquis, A. Donald Mileur, Attys., Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., Richard J. Dauber, Asst. U. S. Atty., Los Angeles, Cal., for appellant and cross-appellee United States.

Roger M. Sullivan, Herbert J. O'Meara, Thorpe, Sullivan, Clinnin & Workman, Los Angeles, Cal., for appellee and cross-appellant.

Before BARNES and KOELSCH, Circuit Judges, and CRAIG, District Judge.

CRAIG, District Judge:

This is a suit in condemnation wherein the United States seeks to condemn 11.14 acres in fee and a .60 acre slope easement from the Appellee and Cross-Appellant, Eden Memorial Park Association, for use in the construction of the San Diego Freeway, a part of the Federal Interstate Highway System.

At the time of the taking, Eden owned 60.51 acres, 53.96 acres of which were zoned for cemetery purposes, and 6.5 acres were not so zoned. Of the 11.74 acres taken, approximately 5.2 acres were zoned for cemetery purposes and 6.5 acres were not so zoned.

In seeking to establish the value of the land taken, Eden relied upon evidence of the capitalization of projected income, or as it is sometimes referred to "the income approach". The Government assigns the introduction of this evidence as error. The Government also contends that the trial court erred in rejecting or limiting some of the evidence offered by the Government to establish value by "comparable" sales, and a prior sale of the instant property.

At the time of the acquisition of the instant property by Eden in 1953, the California State Highway Department had already planned a highway to traverse a portion of the Eden property. Apparently because of this fact, the Los Angeles City Planning Commission withheld a conditional use permit or zone variance for the 6.5 acres then contemplated to be used for highway purposes.

In its cross-appeal, Eden contends that the District Court erred in rejecting evidence offered as to the value of the 6.5 acres as cemetery land.

This Court has jurisdiction in this case pursuant to Title 28, U.S.C. § 1358 and Title 28, U.S.C. § 1291.

The first question raised by Appellant is whether the trial court erred in admitting evidence of the land owner directed to capitalization of future income. The American Institute of Real Estate Appraisers in its work "The Appraisal of Real Estate" (1964) states:

"Appraisers commonly think of value in three ways:

1. The current cost of reproducing a property less depreciation from all sources, that is, deterioration and functional and economic obsolescence.

2. The value which the property's net earning power will support, based upon a capitalization of net income.

3. The value indicated by recent sales of comparable properties in the market.

The three approaches—Cost, income, and market data—are based on these three facets of value. In the majority of his assignments, the appraiser utilizes all three approaches. On occasion he may believe the value indication from one approach will be more significant than from the other two, yet he will use all three as a check against each and to test his own judgment. Obviously there are appraisal problems in which they cannot all be applied. A value indication for vacant land cannot be obtained through the use of the cost approach, nor one for a specialized property such as municipal garden by the market data approach, nor but rarely for an owner-occupied home by the income approach. The use of all three approaches is pertinent in the solution of most appraisal problems; their application is well established in appraisal technique and held to be part of the fundamental procedure."

In United States v. Certain Interests in Property, etc., 205 F.Supp. 745, 750, the United States District Court of Montana stated:

"In condemnation actions there are three recognized approaches to the valuation of property:

(1) The market data approach or consideration of comparable sales;

(2) The reproduction of cost at the time of taking, less depreciation; and

(3) The income approach or capitalization of projected income."

See also United States v. Leavell & Ponder, Inc., 5 Cir., 286 F.2d 398; United States v. Tampa Bay Garden Apartments, Inc., 5 Cir., 294 F.2d 598; Cementerio Buxeda Inc. v. People of Puerto Rico, 196 F.2d 177, cert. den. 344 U.S. 876, 73 S.Ct. 170, 97 L.Ed. 678.

We conclude the Court properly admitted the evidence as to capitalization of income to establish the value of the property taken.

The second question raised by Appellant is whether the trial court erred in the rejection of certain evidence offered by Appellant as to "comparable sales". Evidence of comparable sales is an appropriate method to the determination of value in condemnation cases. "The Appraisal of Real Estate", supra; United States v. Certain Interests in Property, etc., supra; Simmonds v. United States, (9th Cir.), 199 F.2d 305; Fairfield Gardens, Inc. v. United States, (9th Cir.), 306 F.2d 167.

Whether or not a sale constitutes a "comparable sale" so as to constitute evidence of value is within the sound discretion of the trial court. Fairfield Gardens, Inc., supra; Bailey v. United States, 1 Cir., 325 F.2d 571.

A review of the record in this case does not disclose an abuse of discretion by the trial court in excluding the evidence offered by Appellant, nor does

it appear that the trial court erred in instructing the jury.

The final question for us to determine is Cross-Appellant's assertion that the 6.5 acres not zoned for cemetery purposes should have been valued as though the land had been zoned for cemetery purposes.

At the trial of this case, the Court allowed the jury to consider evidence as to the probability of a change in the zoning of the 6.5 acres to cemetery use. It is obvious from the jury's verdict that it considered the possibility of such a change as an extremely remote one, if in fact there was any possibility at all.

■■ In a condemnation proceeding the land taken must be valued as it exists at the time of taking and subject to the then applicable zoning regulations. Rapid Transit Co. v. United States, 10 Cir., 295 F.2d 465, cert. den. 369 U.S. 819, 82 S.Ct. 831, 7 L.Ed.2d 785. The zoning placed upon the 6.5 acres in question was within the discretion of the appropriate authority of the City of Los Angeles. Bringle v. Board of Supervisors, 54 Cal.2d 86, 4 Cal.Rptr. 493, 351 P.2d 765; Rassmussen v. County of Orange, 212 Cal.App.2d 246, 27 Cal. Rptr. 866; Village of Euclid, Ohio v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303; Goldblatt v. Town of Hempstead, 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130.

■ The record in this case discloses that at the time the land owner acquired the property it was contemplated by state and local authorities that some portion of the property would ultimately be required for highway purposes. At the time the land owner sought a zoning classification for cemetery purposes it was aware of the possible future use for highway purposes.

It was not an abuse of the trial court's discretion in rejecting Cross-Appellant's request to value the 6.5 acres as though zoned for cemetery purposes.

Judgment is affirmed.