[Civ. No. 23308. First Dist., Div. Four. May 1, 1967.]

WILLIAM GONG et al., Plaintiffs and Appellants v. CITY OF FREMONT et al., Defendants and Appellants.

Raymond E. Ott, City Attorney, and Allen E. Sprague, Assistant City Attorney, for Defendants and Appellants.

Harold W. Jewett, Jr., for Plaintiffs and Appellants.

CHRISTIAN, J.—Both sides appeal from portions of a judgment rendered in a mandamus proceeding brought to test the validity of two conditions attached to a land use permit.

### The Procedural Background

Plaintiffs desire to build an auto service station upon their undeveloped property abutting Peralta Boulevard in the City of Fremont. The property lies within a "neighborhood commercial" zone in which service stations are prohibited except as conditional uses. (Fremont Municipal Code § 8-21003, part of the zoning ordinance of the City of Fremont, hereinafter cited "Fremont Code.") The ordinance establishes criteria to guide the city planning commission in passing judgment upon proposed conditional uses. (Fremont Code § 8-22502.) Accordingly, the landowners applied to the planning commission for a use permit. After a hearing at which the landowners appeared by counsel, the commission issued a permit subject to 13 conditions affecting the development and use of the property.

Using a procedure provided for in the zoning ordinance (Fremont Code ch. 2, tit. VIII, art. 30) the property owners, in an appeal to the city council, attacked four of the conditions imposed by the planning commission. The city council modified two conditions substantially as requested by the landowners and denied the appeal concerning conditions 11 and 13 which read as follows: "(11) Street improvements and right-of-way shall be provided in accordance with Title VIII, Chapter 3 of the Fremont Municipal Code." "(13) The gas station shall not open for service until at least one other retail outlet in the shopping center of which it is a minor subdivision is open." Condition 11 has the effect of requiring the landowners to grant to the city, without compensation, an easement 10 to 40 feet wide for the purpose of widening two intersecting streets. Condition 13 is self-explanatory.

The landowners then petitioned the superior court for a writ of mandate to annul conditions 11 and 13. The petition alleged that the landowners had applied for a conditional use permit under the terms of the zoning ordinance, quoted in full the conditions imposed by the planning commission and the order made by the city council upon the landowners' appeal, and alleged the exhaustion of administrative remedies and the lack of an adequate remedy at law. The final paragraph of the petition briefly alleges the consequences to the

landowners of conditions 11 and 13 as we have set them forth above. The trial court overruled the city's general demurrer. The city then answered, alleging that the planning commission's action was based upon substantial evidence taken at a hearing, as required by the Fremont Code, and that the proceedings of the planning commission and the city council were conducted in compliance with the requirements of the code.

At the beginning of the trial, the city attorney objected to the introduction of any evidence "unless there be an offer into evidence of a transcript of the proceedings before the Planning Commission of the City of Fremont and the City Council of the City of Fremont. . . ." The objection was overruled. The landowners did not produce a record of the evidence heard by the planning commission; instead the court in three days of trial received evidence which would have been appropriate in a hearing de novo on the questions considered by the commission. Judgment was entered declaring that there was substantial evidence to support the planning commission's imposition of condition 11 but not condition 13. A writ of mandate issued commanding the city to set aside condition 13 and reconsider the landowners' request for issuance of a use permit without the inclusion of that condition.

In this appeal the city seeks reinstatement of condition 13, contending that the petition did not state a cause of action and that the trial court should not have conducted a hearing de novo and then substituted its judgment for that of the planning commission. The landowners, resisting these contentions, seek nullification of condition 11, contending that it proposes an unconstitutional taking of property for a public use without compensation.

We first consider whether the petition was sufficient to withstand general demurrer. ■■■ Although the statutes make no express provision for a demurrer in a mandamus proceeding, it is settled that the sufficiency of the petition can be tested either by demurrer (*Temescal Water Co.* v. *Department Public Works* (1955) 44 Cal.2d 90 [280 P.2d 1]) or by raising issues of law as well as of fact in the answer (*Scannell* v. *Wolff* (1948) 86 Cal.App.2d 489 [195 P.2d 536]). The writ of mandate is available either to compel the performance of a ministerial act which the law specially enjoins (a remedy commonly called "traditional mandamus," Code Civ. Proc., § 1085) or to inquire into the validity of some kinds of quasi-judicial actions of administrative agencies (commonly called

"administrative mandamus," Code Civ. Proc., § 1094.5). The petition does not disclose which of these remedies the landowners intended to pursue. The general demurrer should fail if the facts alleged show entitlement to relief on either theory; both possibilities must therefore be analyzed.

### Traditional Mandamus

The statute tersely declares that the writ is available "to compel the performance of an act which the law specially enjoins. . . ." (Code Civ. Proc., § 1085.) Thus it is limited to the enforcement of purely ministerial duties and will not lie to control discretion within the area lawfully entrusted to an administrative body. (*City & County of San Francisco v. Superior Court* (1959) 53 Cal.2d 236, 244 [1 Cal.Rptr. 158, 347 P.2d 294]; *Faulkner v. California Toll Bridge Authority* (1953) 40 Cal.2d 317 [253 P.2d 659].) An example of such a ministerial act is the issuance of a zoning clearance where the proposed land development conforms to the ordinance. (*Plum v. City of Healdsburg* (1965) 237 Cal.App.2d 308, 314-315 [46 Cal.Rptr. 827]; *Redwood City Co. of Jehovah's Witnesses, Inc. v. City of Menlo Park* (1959) 167 Cal.App.2d 686 [335 P.2d 195].)

Here the petition goes no further than to allege that the landowners will suffer detriment as a result of the conditions which the city has imposed; there is no allegation that it is the ministerial duty of any city officer or agency to issue a use permit free of the objected-to conditions. Therefore the petition does not state a cause of action under Code of Civil Procedure section 1085.

### Administrative Mandamus

The other possible foundation for mandamus lies in the provisions of Code of Civil Procedure section 1094.5 establishing the unique California remedy of "administrative mandamus." (In general, see Kleps, *Certiorarified Mandamus Reviewed* (1960) 12 Stan.L.Rev. 554; Kleps, *Certiorarified Mandamus* (1950) 2 Stan.L.Rev. 285.) Relief is available only when the three conditions set forth in subdivision (a) of section 1094.5 are met. These conditions are that the order or decision sought to be reviewed must be the result of a proceeding in which (1) by law a hearing is required to be given, (2) evidence is required to be taken, and (3) the determination of the facts is the responsibility of the administrative agency. This means that section 1094.5 is applicable only where the agency has been called upon to make a factual determination in the exercise of a quasi-

judicial function. (*Keeler* v. *Superior Court* (1956) 46 Cal.2d 596, 599 [297 P.2d 967]; *Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591, 601 [45 Cal.Rptr. 512].) The statutes which empower local agencies to regulate land use through zoning ordinances require factual determinations to be made after a hearing at which evidence is taken. (Gov. Code, § 65900 et seq.) Thus the landowners by attacking the actions of the planning commission and the city council under the zoning ordinance of the City of Fremont have alleged facts which potentially bring their case within the provisions of section 1094.5.

Administrative action is subject to review under section 1094.5 only as to certain aspects specified in subdivision (b): want or excess of jurisdiction; whether there was a fair trial; and whether there was prejudicial abuse of discretion. Abuse of discretion is shown by failure of the administrative agency to proceed as required by law, failure of the findings to support the decision, or failure of the evidence to support the findings. ▌ A proceeding in mandamus is subject to the general rules of pleading applicable to civil actions (Code Civ. Proc., § 1109) except as otherwise provided in Code of Civil Procedure sections 1067 to 1110b. Therefore, it is necessary for the petition to allege specific facts showing entitlement to relief upon one of the grounds just mentioned. If such facts are not alleged, the petition is subject to general demurrer (*County of Contra Costa* v. *Social Welfare Board* (1962) 199 Cal.App.2d 468, 471 [18 Cal.Rptr. 573]) or the court is justified in denying the petition out of hand (*Black* v. *State Personnel Board* (1955) 136 Cal.App.2d 904, 909 [289 P.2d 863]). ▌ The petition in the present case contains no factual allegations whatever tending to show that the actions of the planning commission and the city council were in excess of jurisdiction, that there was not a fair trial of factual issues, or that there was any abuse of discretion. The general demurrer should have been sustained.

Amendment may cure the petition's deficiencies; therefore we proceed to a consideration of some issues which may arise again in a second trial.

### Trial De Novo Inappropriate

▌ In an administrative mandamus proceeding, it is error to receive new evidence in a trial de novo; "the court's power of review is confined to determining whether there was substantial evidence before the board to support its decision. (Code Civ. Proc., § 1094.5, subd. (c); . . .)" (*Atchison etc.*

*Ry. Co.* v. *Kings County Water Dist.* (1956) 47 Cal.2d 140,
143 [302 P.2d 1]; *Fascination, Inc.* v. *Hoover* (1952) 39
Cal.2d 260 [246 P.2d 656]; *Rapp* v. *Napa County Planning
Com.* (1962) 204 Cal.App.2d 695 [22 Cal.Rptr. 643]; see *Tri-
angle Ranch, Inc.* v. *Union Oil Co.* (1955) 135 Cal.App.2d
428, 434-436 [287 P.2d 537].) Where the petition's allegations
of irregular procedure or insufficient evidence have been
denied, presumptions arise that the administrative proceed-
ings were in fact regular and supported by the evidence.
(*City & County of San Francisco* v. *Superior Court, supra,* 53
Cal.2d 236.) Thus the burden of proof falls upon the party
attacking the administrative decision to demonstrate wherein
the proceedings were unfair, in excess of jurisdiction, or
showed "prejudicial abuse of discretion." It is the responsi-
bility of the petitioner to make available to the court an
adequate record of the administrative proceedings; if he fails
to do this the presumption of regularity will prevail. (*Ames* v.
*City of Pasadena* (1959) 167 Cal.App.2d 510 [334 P.2d
653].)

### The Constitutional Attack Upon the Ordinance

The landowners attempt in this proceeding to assert the
unconstitutionality of the City of Fremont's zoning ordi-
nance, both as being unreasonable and vague as a general
proposition and as purporting to authorize a taking of their
property without compensation. ▮ An ordinance is not
subject to constitutional attack in an administrative man-
damus proceeding. (*H. W. Rohl Co.* v. *County of San Diego*
(1963) 212 Cal.App.2d 707 [28 Cal.Rptr. 196]; *Garden Grove
Congregation* v. *City of Garden Grove* (1959) 176 Cal.App.2d
136 [1 Cal.Rptr. 65].) A proper remedy is an action for
declaratory relief. (*Skalko* v. *City of Sunnyvale* (1939) 14
Cal.2d 213 [93 P.2d 93]; *Kissinger* v. *City of Los Angeles*
(1958) 161 Cal.App.2d 454 [327 P.2d 10]; *Rasmussen* v.
*County of Orange* (1963) 212 Cal.App.2d 246 [27 Cal.Rptr.
866].) Upon appropriate allegations, such a cause of action
may be joined with a mandamus proceeding. (*Rubin* v. *Board
of Directors* (1940) 16 Cal.2d 119 [104 P.2d 1041]; *Steiger* v.
*Board of Supervisors* (1956) 143 Cal.App.2d 352 [300 P.2d
210].)

### The Requirement That the Landowners
### Dedicate Land to a Public Purpose
### As a Condition to a Use Permit

Zoning ordinances commonly provide means of relieving
property developers of an unduly rigid conformity where the
zoning administrator finds that the public interest will so

allow. This is often done through variances (clearance of nonconforming uses to avoid unnecessary hardship) and conditional use permits (clearance made upon a finding by the administrator that the proposed use conforms to standards which the ordinance empowers him to apply). Use permits are commonly conditioned upon the developer meeting specified standards or conforming to specified restrictions. We announce no holding concerning the validity of the conditions attached to the use permit in the present case; that issue has not yet been presented properly to the trial court. We observe, however, that the imposition of conditions upon the grant of a use permit is at worst equivalent to a denial of the permit and that the courts have no authority to interfere with the denial of a variance or use permit except upon a clear and convincing showing of fraud, illegality or abuse of discretion. (*Rasmussen* v. *County of Orange, supra,* 212 Cal.App.2d 246; *Snow* v. *City of Garden Grove* (1961) 188 Cal.App.2d 496, 504 [10 Cal.Rptr. 480] ; *Phil Anthony Homes, Inc.* v. *City of Anaheim* (1959) 175 Cal.App.2d 268 [346 P.2d 231] ; *Flagstad* v. *City of San Mateo* (1957) 156 Cal.App.2d 138 [318 P.2d 825].)

Moreover, in several cases the imposition of onerous conditions upon the grant of administrative clearances has been sustained where a reasonable relationship was found between the condition imposed and the public benefit promoted by the ordinance in question. In *Bringle* v. *Board of Supervisors* (1960) 54 Cal.2d 86 [4 Cal.Rptr. 493, 351 P.2d 765], a condition that the landowner grant a perpetual right-of-way for a highway improvement in order to take advantage of a five-year zoning variance was upheld for the lack of a clear showing of abuse of discretion. In *Ayres* v. *City Council of City of Los Angeles* (1949) 34 Cal.2d 31 [207 P.2d 1, 11 A.L.R.2d 503], the Supreme Court upheld for the same reason a condition requiring dedication of land for street widening in connection with approval of a subdivision map. In *Southern Pac. Co.* v. *City of Los Angeles* (1966) 242 Cal.App.2d 38 [51 Cal.Rptr. 197], the Court of Appeal upheld an administrative action granting a building permit for a warehouse on condition that the applicant dedicate valuable land for street purposes. In *City of Buena Park* v. *Boyar* (1960) 186 Cal. App.2d 61 [8 Cal.Rptr. 674], the court upheld a conditional approval of a subdivision map dependent upon the developers' undertaking to expend $50,000 on drainage works serving other areas as well as their own. In all of these cases

the crucial consideration was whether the record made in the administrative proceeding showed that there was substantial evidence relating the condition to the purposes of the statute or ordinance in question.

Although the city appealed only from the portion of the judgment that set aside condition 13, the judgment is not severable; it concerns but a single use permit. The conditions attached to the permit appear to be interrelated parts of a regulatory scheme, and if after further proceedings the trial court should require a new hearing by the administrative agency, our decision is not to be taken as restricting the agency's exercise of discretion based upon the full array of facts then appearing.

The judgment is reversed with directions to sustain the demurrer. The City of Fremont will recover its costs.

Devine, P. J., and Rattigan, J., concurred.