Filed 9/16/15  Collins v. City of L.A. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TROY COLLINS, | B260402 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BS145372) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Joanne O'Donnell, Judge.  Affirmed.

Stone Busailah, LLP, Michael P. Stone, Muna Busailah and Stephen P. Chulak, for Plaintiff and Appellant.

Office of the Los Angeles City Attorney, Michael N. Feuer, City Attorney, and Paul L. Winnemore, Deputy City Attorney, for Defendants and Respondents.

## INTRODUCTION

Appellant Troy Collins was suspended for 15 days by the Los Angeles Police Department (Department) after the Department's Board of Rights (Board) found him guilty of two counts of misconduct, neglecting his duties as a supervising sergeant and not following orders. Collins petitioned the trial court for a writ of administrative mandamus under Code of Civil Procedure section 1094.5 to set aside the Department's decision. The court granted Collins's petition in part, finding that the second count of misconduct was barred by the one-year statute of limitations under the Public Safety Officers Bill of Rights Act (POBRA) (Gov. Code, § 3300, et. seq.). However, the court denied the petition as to Collins's claim that the first count of misconduct was also barred by POBRA's statute of limitations, finding that Collins did not adequately develop his argument as to that claim. The court also found that the weight of the evidence supported the finding that Collins was guilty of the first count of misconduct. In this appeal, Collins contends the court erred in denying the petition as to the first count of misconduct. We disagree and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Events Leading to the Department's Complaint*

In June 2010, Collins was assigned as a sergeant in the Department's Van Nuys division, where he was under the command of Captain Tia Morris. As a sergeant in Van Nuys, Collins was required to supervise and train patrol officers, respond to radio call requests from patrol officers, help patrol officers perform their duties, and occasionally act as a watch commander. Collins was not expected to regularly perform tasks assigned to patrol officers, such as conduct traffic stops or make arrests.

Shortly after Collins was assigned to Van Nuys, Morris noticed that he engaged in an unusual amount of enforcement activities, especially those involving prostitution related offenses. On July 19, 2010, Morris told Collins that she was concerned about his performance, and she emphasized that he needed to focus on executing his supervisory duties and avoid engaging in unnecessary enforcement activities. Morris was concerned that if Collins regularly engaged in such activities he would be

unavailable when his subordinate officers needed his advice or assistance. On August 24, 2010, Morris sent an email to the Van Nuys division instructing staff members, patrol officers, and supervising officers to notify her if they observed supervising officers making arrests in the field. The email did not name Collins.

After meeting with Morris, Collins continued to engage in enforcement activities. Between July 2010 and December 2011, Collins conducted numerous traffic stops and made several arrests. As a result of Collins's refusal to stop engaging in enforcement activities, Lieutenant Rafael Ramirez, who was also assigned to the Van Nuys division, informed Collins on several occasions that he needed to carry out his duties as a sergeant and avoid performing tasks assigned to patrol officers. Ramirez also spoke with Morris about Collins's behavior. Ramirez did not specify when any of these conversations took place.

On one occasion, during the early morning hours on April 3, 2011, Collins received a report of suspected prostitution activity near Sepulveda Boulevard in Van Nuys. Although he was working in the field when he received the call, Collins was not near the location of the reported activity. Nevertheless, he responded to the call. When he approached the location, Collins saw two patrol officers in a squad car pass by without stopping. Collins arrived at the location alone and found three females standing on the side of the street. Shortly after, the two patrol officers that first passed the location arrived and helped Collins interview the females.

Two of the females were around the age of 12, and the third was 22 years old. Collins placed them under arrest for loitering with intent to commit prostitution and directed the patrol officers to transport them to the Van Nuys station. Collins and the patrol officers conducted additional interviews at the station. Collins decided to write the arrest reports because the two patrol officers had little experience with prostitution cases and he wanted to reduce the amount of overtime that would be required to document the arrests and interviews.

On April 3, Collins submitted a timesheet claiming six-and-a-half hours of unexpected overtime for the time he spent responding to the loitering call and drafting

the reports. Ramirez later brought the overtime claim to Morris's attention because he was concerned that Collins had violated Morris's orders by engaging in enforcement activity.[1] Morris believed she reviewed Collins's overtime claim about "a week or so" after he submitted it for approval.

After reviewing the overtime claim, Morris initiated an investigation into Collins's insubordination. On April 4, 2012, Collins was served with a complaint signed by Chief of Police Charlie Beck proposing to demote him from the rank of sergeant for his involvement in the April 3, 2011 arrests. The complaint charged a single count of misconduct (Count One), alleging that, on April 3, 2011, Collins had neglected his duties as a supervising sergeant and failed to comply with his commanding officer's orders.

2.     *The Board of Rights Hearing*

Collins requested a hearing before the Board, which convened in January and June 2013. The Board heard testimony from several witnesses, including Morris, Ramirez, and Collins. At the close of the evidence phase, the Board requested that the Department amend its complaint to include a second charge alleging a continuous course of misconduct during which Collins repeatedly failed to follow Morris's orders. On June 27, 2013, the Department filed an amended complaint adding Count Two, which alleged that between July 19, 2010 and December 16, 2011, Collins failed to follow his supervisor's orders on numerous occasions.

During closing arguments, Collins's attorney requested that the Board dismiss the complaint because it was not filed within one year of the Department's discovery of Collins's misconduct. She argued that the statute of limitations for Counts One and Two began to run around July 19, 2010, when Morris first discovered that Collins was neglecting his duties as a sergeant. Since the original complaint was not filed until

---

[1]     Ramirez did not sign Collins's overtime claim as the reviewing or supervising officer. The claim was initially reviewed and approved by two different supervisors. The record does not indicate on which date the claim was first brought to Ramirez's attention.

April 4, 2012, and the amended complaint was not filed until June 27, 2013, she argued that the Department failed to provide Collins with timely notice of its intent to discipline him.

The Board concluded that the Department's charges were timely and found Collins guilty of Counts One and Two. As to Count One, the Board found that Morris discovered Collins's misconduct on April 5, 2011 when she reviewed Collins's overtime claim, and that the Department served the complaint on April 4, 2012, within POBRA's one-year statute of limitations. The Board found that Count Two was timely because the last incident in Collins's continuing course of insubordination occurred on December 16, 2011, less than one year before he was served with the complaint.

The Board rejected the Department's proposed discipline of demoting Collins from the rank of sergeant; instead, it recommended a 15-day suspension. Chief Beck adopted the Board's recommendation and suspended Collins from duty for 15 days.

3. *Trial Court Proceedings*

In October 2013, Collins filed a petition for a writ of administrative mandamus challenging his suspension. The petition alleged that Counts One and Two were barred by POBRA's statute of limitations, and that the Board's findings were not supported by the evidence. The petition requested lost wages and benefits and injunctive relief.

After a hearing on October 1, 2014, the trial court denied Collins's petition in part and granted it in part. The court denied Collins's petition as to Count One. It found that Collins failed to establish that the Board erred in finding that the Department timely informed him of its intent to impose discipline for the misconduct alleged in Count One. The court observed that although Collins claimed in one sentence in his opening memorandum's introduction that Count One was barred by the statute of limitations, he failed to devote any further discussion to the issue. The court refused to consider Collins's arguments addressing the timeliness of Count One set forth in his reply brief, concluding that they were not properly raised in his opening brief and that Collins had demonstrated no reason why those arguments could not have been raised earlier. The court also found that the weight of the evidence supported the Board's

5

finding that Collins neglected his duties and failed to follow his supervisor's orders on April 3, 2011, as alleged in Count One.[2]

The court granted Collins's petition as to Count Two. The court found the charge was barred by the statute of limitations because the Department had become aware of all of the conduct forming Collins's continuing course of insubordination more than one year before it served the amended complaint. The court issued a writ of mandate setting aside the Board's guilty finding on Count Two and remanded the case to the Board with directions to reconsider Collins's discipline in light of the court's decision.

Collins timely appealed.

## *DISCUSSION*

### 1.  *Standard of Review*

An administrative agency's final decision imposing discipline upon a police officer is reviewable through a petition for a writ of administrative mandamus filed in the trial court. (See Code Civ. Proc., § 1094.5; *Wences v. City of Los Angeles* (2009) 177 Cal.App.4th 305, 313 (*Wences*).) Since the imposition of discipline on city employees affects their fundamental rights, a trial court is required to exercise its independent judgment in reviewing the findings upon which the agency's decision to impose discipline is based. (*Jackson v. City of Los Angeles* (2003) 111 Cal.App.4th 899.)

In exercising its independent judgment, the trial court examines the administrative record for errors of law and conducts an independent review of the entire record to determine whether the weight of the evidence supports the agency's findings. (*Wences*, *supra*, 177 Cal.App.4th at p. 313.) Nevertheless, the trial court must accord a strong presumption of correctness to those findings. (*Fukuda v. City of Angels* (1999) 20 Cal.4th 805, 817 (*Fukuda*).) The party challenging the findings bears the burden of demonstrating that they are contrary to the weight of the evidence. (*Ibid.*)

---

[2]     Collins does not challenge this finding on appeal.

6

On appeal from a judgment denying a petition for a writ of administrative mandamus, the scope of our review is limited. We uphold the trial court's factual findings and conclusions if they are supported by substantial evidence, and we review any questions of law de novo. (*Bixby v. Pierno* (1971) 4 Cal.3d 130, 143, fn. 10; *Telish v. California State Personnel Board* (2015) 234 Cal.App.4th 1479, 1487 (*Telish*).) "Substantial evidence is evidence that a rational trier of fact could find to be reasonable, credible, and of solid value. We view the evidence in the light most favorable to the judgment and accept as true all evidence tending to support the judgment, including all facts that reasonably can be deduced from the evidence." (*Pedro v. City of Los Angeles* (2014) 229 Cal.App.4th 87, 99 (*Pedro*).)

2. *POBRA's Statute of Limitations*

POBRA establishes procedural safeguards for police officers disciplined by their employers. (*Telish*, *supra*, 234 Cal.App.4th at p. 1495.) Government Code section 3304, subdivision (d)(1), part of POBRA, creates a one-year statute of limitations within which a police department must determine whether to impose discipline for officer misconduct. (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 320-321). Within one year of discovering the alleged misconduct, the police department must complete its investigation and notify the officer of its intent to impose discipline. (*Id*. at pp. 321-322.) The statute of limitations begins to run when a person with investigative authority discovers, or through the use of reasonable diligence should have discovered, the officer's alleged misconduct. (*Pedro*, *supra*, 229 Cal.App.4th at p. 106.) The department must provide the officer with actual notice of its intent to impose discipline within the one-year statute of limitations. (*Earl v. State Personnel Board* (2014) 231 Cal.App.4th 459, 462-464 (*Earl*).) The date when an administrative agency discovers misconduct is a question of fact. (*Haney v. City of Los Angeles* (2003) 109 Cal.App.4th 1, 8.)

7

3. *The Trial Court Properly Denied Collins's Petition as to His Claim Challenging Count One of the Department's Complaint*

A. *Collins Waived His Statute of Limitations Argument as to Count One*

The trial court denied Collins's petition as to his claim that the Department failed to provide timely notice of its intent to discipline him for the conduct alleged in Count One. The court explained that Collins failed to develop his statute of limitations argument as it related to Count One, noting that he devoted his entire argument to whether the Board properly found that Count Two was timely under POBRA. Accordingly, the court did not reach the merits of Collins's claim challenging the timeliness of Count One.

As noted, the petitioner in an administrative mandamus proceeding bears the burden of demonstrating that the agency abused its discretion. (*Fukuda*, *supra*, 20 Cal.4th at p. 817; *Gong v. City of Fremont* (1967) 250 Cal.App.2d 568, 574 ["the burden of proof falls upon the party attacking the administrative decision to demonstrate wherein the proceedings were unfair, in excess of jurisdiction, or showed 'prejudicial abuse of discretion' "].) The petitioner must provide reasoned argument and citations to authority supporting his or her position that the agency's decision should be overturned; simply raising a challenge in an argument heading or making a conclusory assertion that the agency's decision was incorrect does not satisfy the petitioner's burden. (See *Magic Kitchen LLC v. Good Things Intern. Ltd.* (2007) 153 Cal.App.4th 1144, 1161; CEB, Cal. Administrative Mandamus (April 2015) § 14.8, p. 14-6 ["When the evidence's sufficiency to support the administrative findings is at issue . . . , the petitioner's memorandum should specifically argue how the evidence is insufficient and the brief should bristle with citations to the relevant void in the record"].)

Here, Collins failed to establish at the trial level how the Department erred in upholding the Board's finding that Count One of the complaint was timely under POBRA. As the trial court pointed out, Collins set forth no argument in his opening memorandum addressing the timeliness of the Department's decision to impose discipline for his involvement in the April 3, 2011 arrests. Although Collins claimed in his introduction to that brief that the conduct charged in Count One was discovered more than one year before the Department issued the complaint, he failed to make any further argument, cite any authority, or cite any portion of the administrative record to support that assertion. Instead, he devoted his entire discussion to the timeliness of the Department's investigation and notice of discipline with respect to Count Two.

For example, Collins argued that his supervisor, Captain Morris, discovered the first instance of misconduct underlying Count Two on July 19, 2010, nearly two years before the Department issued the original complaint. Although Collins referenced in passing the April 3, 2011 arrests, he made no attempt to demonstrate when Morris, or any other person with investigative authority, discovered that he engaged in misconduct during that incident. Without providing any argument addressing when the Department discovered his April 3, 2011 misconduct, Collins failed to establish that the Department acted outside POBRA's statute of limitations in attempting to discipline him for that misconduct. (See Gov. Code, § 3304, subd. (d)(1).) Thus, the court properly denied Collins's petition with respect to Count One.

B.     *In Any Event, Substantial Evidence in the Record Supports*
*A Finding that Count One Was Timely Under POBRA*

On appeal, Collins devotes substantial argument to whether the Department failed to provide timely notice of its intent to discipline him under Count One of the complaint. The Board found that Morris received notice of Collins's involvement in the April 3, 2011 arrests on April 5, 2011, when she reviewed Collins's overtime claim. The Board also found that Collins was served with the complaint proposing to discipline him for his involvement in the April 3, 2011 arrests on April 4, 2012, less than a year after Morris discovered Collins's misconduct. Even if the trial court should have

reached the merits of Collins's statute of limitations argument as to Count One, we find that there is substantial evidence in the record to support the Board's finding that Count One was timely under POBRA.

Morris, who initiated the Department's investigation, testified that she became aware of Collins's misconduct after Ramirez asked her to review Collins's April 3, 2011 overtime claim. Although Morris could not recall the exact date she reviewed the overtime request, she testified that she likely would not have reviewed it the same day it was executed, and that she probably reviewed it "a week or so" after Collins made the request on April 3, 2011. The administrative record contains no evidence establishing that Morris, or another person authorized to initiate an investigation, discovered Collins's involvement in the April 3, 2011 arrests earlier than April 5, 2011.

Collins argues that Lieutenant Ramirez or another supervisor discovered, or should have discovered, the misconduct alleged in Count One on April 3, 2011, when Collins submitted his overtime claim. Collins asserts that by April 3, 2011, Ramirez was aware of Morris's concerns about Collins's behavior, and that once he reviewed Collins's overtime claim, he was aware of Collins's misconduct underlying Count One. The administrative record does not support this argument.

Ramirez testified that he brought Collins's overtime claim to Morris's attention after he reviewed it. However, he did not testify as to the exact date he reviewed the claim. Although the claim was reviewed and approved on April 3, 2011, Ramirez was not one of the supervisors who signed off as having reviewed or approved the claim on that date. Further, the administrative record does not establish that the two supervisors who reviewed and approved the overtime claim were aware of Morris's concerns about Collins's behavior or had received Morris's August 24, 2010 email.

Collins argues in the alternative that POBRA's statute of limitations began to run on August 24, 2010, when Morris put the Van Nuys division on notice of Collins's pattern of engaging in enforcement activity. This argument misses the mark. Count One sought to discipline Collins only for his involvement in the April 3, 2011 arrests. Unlike Count Two, Count One did not encompass a broad pattern of conduct

10

spanning a period of time that included August 24, 2010.  Accordingly, POBRA's statute of limitations did not begin to run on Count One until the Department discovered, or should have discovered, Collins's involvement in the April 3, 2011 arrests.  (See Gov. Code, § 3304, subd. (d)(1) [the law enforcement agency must complete its investigation of alleged misconduct one year after that misconduct is discovered].)  Collins cites no cases, and we have found none, that hold that POBRA's statute of limitations begins to run before a law enforcement agency discovers, or should have discovered, a specific incident of misconduct that forms the sole basis for the agency's proposed discipline.

Finally, Collins argues that he did not receive actual notice of Count One within one year of the Department discovering his involvement in the April 3, 2011 arrests.  (See *Earl*, *supra*, 231 Cal.App.4th at pp. 462-464.)  Here, the Department discovered Collins's misconduct on or after April 5, 2011, and it served the complaint on Collins by certified mail on April 4, 2012.  Although Collins contends that the Department provided untimely notice of its intent to discipline him under Count One because he did not receive actual notice of the complaint until April 12, 2012, this contention is not supported by the administrative record.

The administrative record shows that the Department sent a second copy of the complaint to Collins by certified mail on April 12, 2012.  The same document shows that the Department also sent the complaint by certified mail to the same address on April 4, 2012.  The document does not show, however, when Collins received actual notice of the complaint, and Collins cites to no other portion of the administrative record indicating when he received actual notice of the complaint.  Because the record shows that Collins was served by certified mail before the statute of limitations expired, substantial evidence supports a finding that the Department provided timely notice of its intent to discipline Collins under Count One.  (See *Earl*, *supra*, 231 Cal.App.4th at

11

p. 469 [notice untimely if actual notice was received after the statute of limitations expired].)[3]

## *DISPOSITION*

The judgment is affirmed.  Respondents shall recover their costs on appeal.

### *NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

LAVIN, J.

WE CONCUR:

EDMON, P. J.

ALDRICH, J.

---

[3]    Collins argues that because *Earl* was decided after the trial court entered judgment, we should remand the case to allow the trial court to make a specific finding as to whether Collins received actual notice of Count One after the statute of limitations expired.  We decline to remand the case to the trial court for this purpose because Collins made no effort to develop his statute of limitations argument as to Count One.